UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARY V. HENDY, | ) Case No. 5:24-cv-1321 |
| Plaintiff, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge |
| | ) James E. Grimes, Jr. |
| STEPHANIE BOSTOS DEMERS, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Cary Hendy filed suit without a lawyer against nineteen Defendants alleging violations of due process and equal protection and criminal conduct. The complaint asserts that Defendants illegally conducted an investigation against Plaintiff and others. Defendants move to dismiss. For the reasons that follow, the Court **GRANTS** the motion.

### BACKGROUND

In February 2015, Mr. Hendy received mail from the Department of Housing and Urban Development alerting him to allegations of discrimination against him. (ECF No. 1-2, PageID #37.) He alleges that Defendants' "attack" against him began the year before, in August 2014. (ECF No. 1, PageID #12; *id.*, PageID #13.)

In August 2014, Plaintiff placed an on Craigslist listing a house for rent. (ECF No. 1-2, PageID #42.) Among those asking to submit an application and visit the property were testers. (*Id.*, PageID #43.) Testers are individuals who "without any

bona fide intent to rent[,] . . . pose as prospective renters . . . for the purpose of gathering information. This information may indicate whether a provider is complying with federal civil rights laws." *Fair Housing Testing Program*, Civil Rights Division, U.S. Dep't of Justice, https://www.justice.gov/crt/fair-housing-testing-program-1 (updated January 22, 2025). Following Mr. Hendy's interactions with the testers, a charge of discrimination was filed against Mr. Hendy with the Ohio Civil Rights Commission. (ECF No. 1-2, PageID #44.)

At the completion of the investigation, the Ohio Civil Rights Commission ordered Mr. Hendy to: (1) cease and desist from all discriminatory practices in violation of Chapter 4112 of the Ohio Revised Code; (2) pay the complainant $10,713 in actual damages; (3) pay the complainant $5,000 in punitive damages; (4) pay the Ohio Attorney General's office attorney's fees in the amount of $8,687.50; (5) within six months of the date of the Commission's final order, receive training regarding the anti-discrimination fair housing laws of the State of Ohio; (6) within seven months of the Commission's final order, submit letters of training certification to the Commission's compliance department. (ECF No. 1-9, PageID #71.) In May 2024, the Summit County Court of Common Pleas entered judgment against Mr. Hendy for the amounts previously stated. (ECF No. 1-10, PageID #73.)

**STATEMENT OF THE CASE**

Previously, Plaintiff brought suit relying on the same underlying facts. After the Ohio Civil Rights Commission issued its order, Mr. Hendy pursued legal action at the State and federal levels naming many of the same Defendants as he did in this

2

case. In State court, Plaintiff filed suit challenging the Commission's order in October 2017, the Ohio intermediate appellate court affirmed the Ohio Civil Rights Commission's order in December 2023, and the Ohio Supreme Court declined to accept jurisdiction in June 2024. *Hendy v. Ohio Civil Rights Comm.*, CV-2017-10-4426 (Summit Cnty. Ct. Com. Pl. Oct. 23, 2017).

Plaintiff filed his first federal case in March 2021, and it was dismissed in July 2021. *Hendy v. Boggs*, No. 5:21-cv-647, 2021 WL 3169202 (N.D. Ohio July 26, 2021). He filed this lawsuit on August 1, 2024, naming the following Defendants: (1) Stephanie Bostos Demers; (2) Keith P. McNeil; (3) G. Michael Payton; (4) Denise Johnson; (5) Angela Phelps-Jones; (6) Desmon A. Martin; (7) Tameka Brooks; (8) Sandra Manis; (9) Vera Boggs; (10) Lori Anthony; (11) Wayne Williams; (12) Madhu Singh; (13) Juan Cespedes; (14) Lori Barreras; (15) William Pattmon; (16) Leonard Hubert; (17) David Oppenheimer; (18) David Yost; and (19) Charles Miller. (ECF No. 1, PageID #2-4.)

Mr. Hendy sets forth several causes of action in his complaint. Under federal law, Plaintiff alleges violations of the Due Process Clause and the Equal Protection Clause. (ECF No. 1, PageID #28.) Under State law, Plaintiff brings claims under various Ohio criminal statutes. But it is unclear if he pursues those claims under Section 2307.60, which provides a civil action for damages for criminal acts, or as independent civil causes of action. (*Id.*) He brings the following State-law claims: (1) interfering with civil rights; (2) dereliction of duty; (3) obstruction justice;

3

(4) conspiracy; (5) falsification in an official proceeding; (6) fraud; (7) using sham legal process; and (8) misconduct in office. (ECF No. 1, PageID #15.)

On August 5, 2024 Plaintiff filed a motion requesting leave to amend his complaint in three ways, but the amendments do not alter the claims or assertions in the complaint. (ECF No. 3.) Instead, the motion changes the presentation of certain documents and exhibits and corrects certain statements made in the complaint. (*See generally id.*) A party may amend its pleading once as of course no later than 21 days after service. Fed. R. Civ. P. 15(a)(1)(A). Therefore, Plaintiff's request for leave to amend was unnecessary because he was able to amend as of right without need for the Court's approval. For this reason, and because Plaintiff is proceeding *pro se*, the Court **GRANTS** the motion and considers the complaint with the amendments and corrections set forth in the motion.

Defendants move to dismiss Plaintiff's complaint. (ECF No. 22.) After the close of briefing, Plaintiff filed a second motion for leave, requesting to clarify points and add arguments from a recent Supreme Court case. (ECF No. 32.) Defendants oppose that motion. (ECF No. 33.)

## ANALYSIS

*Pro se* pleadings, those a litigant prepares without the assistance of counsel, receive liberal construction. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court recognizes that *pro se* pleadings are held to a "less stringent standard[] than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "lenient

4

treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading" requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although specific facts are not required, to meet the basic minimum notice pleading requirements, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

## I.  Second Motion for Leave

Plaintiff filed a motion for leave, seeking to reference an additional Supreme Court case in his argument and provide clarifications. (ECF No. 32.) The Court construes this motion as a request to file a surreply. Defendants oppose, arguing that the purported surreply is improper. (ECF No. 33.)

As a surreply, the Federal Rules of Civil Procedure do not authorize the filing of surreplies. Nor do the Local Rules. Accordingly, permitting a sur-reply rests in the court's discretion. *Key v. Shelby Cnty.*, 551 App'x 262, 264 (6th Cir. 2014). Surreplies are disfavored but can be granted when a reply contains new legal arguments or evidence. *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 792, 797 (W.D. Tenn. 2012). The Court does not permit the filing of surreplies without prior approval on a showing of good cause and, even then, will only rarely permit them. *See* Civil Standing Order, § 9.D. (available [here](#)).

5

In his surreply, Plaintiff references the Supreme Court's recent decision in *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024). The Supreme Court decided *Jarkesy* before Plaintiff filed his complaint and some four months before Mr. Hendy responded to the motion to dismiss. In short, whatever support Plaintiff might draw from *Jarkesy*, those arguments were previously available to him and should have been included in his response to the motion to dismiss, at the latest. In any event, on the merits, *Jarkesy* provides no support to Plaintiff's arguments against dismissal. For these reasons, the Court **DENIES** Plaintiff's second motion for leave (ECF No. 32).

## II. Motion to Dismiss

In any civil action, a complaint must "state[] a claim for relief that is plausible, when measured against the elements" of a claim. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5. Although Plaintiff proceeds *pro se*, his pleadings must still give Defendants fair notice of his claims and legal

arguments. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

When analyzing a complaint under this standard, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). But a pleading must offer more than mere "labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is a court required to accept "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

Therefore, the Court must distinguish between "well-pled factual allegations," which must be treated as true, and "naked assertions," which need not be. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (cleaned up); *see also, e.g.*, *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 375 (6th Cir. 2011) (determining that because some of the plaintiff's factual allegations were "not well-pleaded[,]" "their conclusory nature 'disentitles them to the presumption of truth'"). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

On a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the complaint, although it may also consider matters of public record, orders, items

7

appearing in the record of the case, and exhibits attached to or made part of the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Accordingly, the Court limits its review to matters properly included in the pleadings and, as discussed below, those subject to judicial notice.

### II.A. Federal Claims (Section 1983)

Plaintiff brings a group of claims under 42 U.S.C. § 1983:

> Claim #1: Each & every named defendant took part in robbing me from 10years [*sic*] of my life to what is should have been by my own choices & acts. I clearly state these individuals denied me from my Statutory & Constitutional rights.
>
> Claim #2: These state of Ohio agents, acting under color of law stripped me of my Constitutional Right to Due Process; being my 14th amendment rights.
>
> Claim #3: These state of Ohio agents, acting under color of law stripped me of my Constitutional Right to Equal Protection; being my 14th amendment rights.

(ECF No. 1, PageID # 28.) Because the first claim does not identify any specific federal constitutional or statutory right, the Court construes the complaint as pleading due process and equal protection claims. Defendants argue for dismissal of these claims based on the statute of limitations.

State law provides the applicable limitations period for Section 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). Because Congress did not provide a specific limitations period for claims under Section 1983, federal courts borrow the statute of limitations for the most closely analogous cause of action under State law. *Owens v. Okure*, 488 U.S. 235, 240–41 (1989). In this case, the causes of action most closely resemble tort claims. Because the parties direct the Court to no other

8

applicable limitations period, the Court applies Ohio's general two-year statute of limitation for personal injury claims. *See* Ohio Rev. Code § 2305.10(A); *Williams v. Schismenos*, 258 F. Supp. 3d 842, 853 (N.D. Ohio 2017) (citation omitted) (applying this two-year limitations period to claims arising under Section 1983).

Although State law supplies the limitations period, two years in this case, federal law determines when a cause of action accrues and begins to run. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Generally, federal law employs a discovery rule, under which a cause of action under Section 1983 accrues when the plaintiff knows or in the exercise of reasonable diligence should have learned of his injury. *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997) (quoting *Sevier* v. *Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

On Defendants' motion to dismiss, construing the complaint in favor of Plaintiff, as the Court must in the present procedural posture, the Court cannot say that the statute of limitations bars Plaintiff's claims. Plaintiff litigated in State court and did not receive a final non-appealable order until December 2023 (when the intermediate appellate court ruled) or June 2024 (when the Ohio Supreme Court declined review). It is not necessarily the case that entry of a final non-appealable order provides the accrual date for Mr. Hendy's causes of action. But no party addresses that question. Nor does any party raise any issues of res judicata based on the filing and dismissal of Mr. Hendy's prior federal lawsuit. For these reasons, the Court proceeds to the merits of Plaintiff's claims.

9

### II.A.1. Due Process

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Due Process Clause has both substantive and procedural dimensions. *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). Plaintiff repeatedly references and refers to procedural due process (ECF No. 1, PageID #16–17), so the Court analyzes his claim as alleging procedural due process violations.

On such a claim, a plaintiff must plead and prove a constitutionally protected liberty or property interest and show that such an interest was deprived without appropriate process. *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 762–63 (6th Cir. 2005) (citing *Board of Regents v. Roth*, 408 U.S. 564, 569–70 (1972)). Then, the inquiry becomes "whether the deprivation of that interest contravened notions of due process." *Id.* (quoting *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002)). Here, Defendants do not dispute that Plaintiff suffered a deprivation in the amount of $24,400.50 plus interest. (ECF No. 1, PageID #16.)

If a deprivation occurred, the Court addresses whether the plaintiff received due process. At bottom, due process requires that a person be "given notice of the case against him" and an "opportunity to meet it." *Shoemaker*, 795 F.3d at 559 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 348–49 (1976)). In September 2015, Plaintiff received an email explaining an investigation had occurred based on a complaint of discrimination. (ECF No. 1-2, PageID #47.) Plaintiff responded claiming he had not "read any findings letters, or information from a supposed 6 month investigation" and continued alleging that he "wasn't contacted, spoken to, inquired

of." (*Id.*) He maintains that he never knew of the investigation and disputes the findings of the investigation that occurred. (ECF No. 1, PageID #16–23.)

Plaintiff's attachments to his complaint include emails, transcripts, and other filings all demonstrating that he had notice of the claims against him such that he could (and did) pursue the remedies available to him administratively and in the State courts. For example, notice of the charges was served on Mr. Hendy, and he responded (ECF No. 1-29, PageID #156); he had a hearing before an administrative law judge at the Ohio Civil Rights Commission (*id.*, PageID #168); and he pursued appeals. Whatever complaints he might have about the investigation and its outcome, Plaintiff received due process before the deprivation of any liberty or property interest. He had notice of the charges against him and had opportunities to be heard. For these reasons, the Court determines that Plaintiff received procedural due process and **GRANTS** Defendants' motion to dismiss this claim.

### II.A.2. Equal Protection

"[T]he Equal Protection Clause gives rise to a cause of action 'for a class of one.'" *Klimik v. Kent Cnty. Sheriff's Dep't*, 91 F. App'x 396, 400 (6th Cir. 2004) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). "Courts 'generally view' class-of-one claims with skepticism given the potential to 'provide a federal cause of action for review of almost every executive and administrative decision made by state actors.'" *Shavers v. Almont Twp.*, 832 F. App'x 933, 937 (6th Cir. Oct. 21, 2020) (cleaned up) (quoting *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012)). Prevailing on this theory presents a "heavy burden" for a plaintiff. *Loesel*, 692 F.3d at 462.

11

Such a claim requires a plaintiff to allege (1) disparate treatment from similarly situated individuals and that the governmental actors had no rational basis for their actions; or (2) that "the challenged government action was motivated by animus or ill-will." *Paterek v. Village of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (cleaned up); *see also Olech*, 528 U.S. at 564. "The first element requires that the plaintiff and the others who were treated differently were 'similarly situated in all relevant aspects.'" *Johnson v. Morales*, 946 F.3d 911, 939 (6th Cir. 2020) (White, J., writing for the majority as to the class-of-one claim) (citing *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 865 (6th Cir. 2012)).

Even at the pleading stage, Plaintiff fails to make allegations that meet this standard. He not only fails to allege disparate treatment but also fails to identify any other similarly situated individual. Moreover, the complaint lacks claims that Defendants took discriminatory actions against him. For these reasons, the Court **GRANTS** Defendants' motion to dismiss this claim.

### II.B. State-Law Claims

Because the Court dismisses Plaintiff's federal claims, the Court may, in its discretion, either retain jurisdiction over Plaintiff's State-law claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009), or decline jurisdiction and dismiss the complaint without prejudice to Plaintiff's right to pursue the remaining claims in State court, *see* 28 U.S.C. § 1367(c)(3). "[G]enerally '[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'" *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 585 (6th Cir. 2011) (quoting *Musson Theatrical v. Fed.*

*Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)); *see also Juergensen v. Midland Funding, LLC*, No. 5:18-cv-1825, 2018 WL 5923707, at *2 (N.D. Ohio Nov. 13, 2018). To determine whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Because this case is in its infancy, dismissal will not prejudice any party, will protect the interests of judicial economy, and will allow the State courts to decide the State-law claims Plaintiffs allege. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's State law claims.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's first motion requesting leave (ECF No. 3) and **DENIES** Plaintiff's second motion for leave (ECF No. 32). The Court **GRANTS** Defendants' motion to dismiss (ECF No. 22), declines to exercise supplemental jurisdiction over Plaintiff's State-law claims, and therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's State-law claims.

**SO ORDERED.**

Dated: February 18, 2025

                                                       J. Philip Calabrese
                                                       United States District Judge
                                                       Northern District of Ohio